815 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Betty CANTRELL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-5324.
 United States Court of Appeals,
Sixth Circuit.
 Feb. 19, 1987.
 
 Before LIVELY, Chief Judge, JONES and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal from a judgment of the district court affirming the Secretary's denial of plaintiff's application for social security disability benefits presents two issues: (1) whether the court erred in holding that the Secretary's actions on remand did not exceed the scope of the remand order; and (2) whether substantial evidence supports the decision of the Secretary that plaintiff could perform light work and her past relevant work.
 
 
 2
 Plaintiff began complaining of dizziness, blurred vision and general weakness in 1980 and quit her last job in August 1981 after experiencing blurred vision while at work. She was 48 years old, had completed eleven years of schooling and had past relevant work experience as a cashier and a teacher's aid. Her application for benefits was denied administratively, and she then had a hearing before an administrative law judge on May 12, 1982. Following the hearing the ALJ issued a decision in which he found plaintiff to have retained the residual functional capacity to engage in "at least sedentary work activities" and she was therefore not disabled when her age, education and work experience were taken into account. The ALJ also found that plaintiff's residual functional capacity for sedentary work was not significantly affected by any non-exertional limitations. He made no specific findings as to plaintiff's ability to perform her usual work activity, which was classified as light work.
 
 
 3
 When the decision of the ALJ was upheld by the Appeals Council the plaintiff appealed to the district court which remanded the case to the Secretary, pointing out that plaintiff had reached the age of 50 and therefore could be considered an individual closely approaching old age. Following the remand a different ALJ held a supplemental hearing and issued a decision applying age 50 and the other previously determined factors to the "grid" and concluded that plaintiff was disabled. The Appeals Council remanded the case back to the second ALJ for the reason that the first ALJ had found plaintiff capable of "at least sedentary work" and the second ALJ had treated this as if it were a finding that the plaintiff could do only sedentary work. At a third hearing before the ALJ, plaintiff's attorney made no objection to a reevaluation in accord with the remand directions of the Appeals Council. The ALJ then found that plaintiff was able to perform light work and could do her past relevant work as a teacher's aid and thus was not disabled under applicable regulations.
 
 
 4
 On the second appeal to the district court, the court disagreed with plaintiff's contention that the Appeals Council had exceeded the scope of the court's remand order, stating that its order permitted the ALJ to take a closer look at the original finding that plaintiff could perform work "at least at the sedentary level." The district court then found that there was substantial evidence in the record to support the finding that plaintiff was capable of light work and there was no substantial evidence to support a finding that she could not return to her past work as a teacher's aid.
 
 
 5
 The medical evidence in this case is not at all clear, with several doctors offering different explanations for plaintiff's complaints of blurred vision, dizziness and general weakness. At the second hearing a vocational expert testified that plaintiff's prior work as a teacher's aid and cashier were light work and that she would have no transferrable skills.
 
 
 6
 This court must accord deference to the district court's construction of its own remand order. Our independent examination of the record and specifically of that remand order convinces the court that the order was not so tightly phrased as to preclude the second ALJ from determining whether plaintiff was capable of performing light work, including her past relevant work as a teacher's aid. Accordingly, we conclude that the plaintiff is not entitled to reversal on the basis of the Secretary's actions in response to the remand order of the district court.
 
 
 7
 This court is not permitted to make a de novo determination of the factual issues in a case such as this, but must accept the determination of the Secretary if supported by substantial evidence. The evidence in this case is confusing and for the most part inconclusive with respect to the legal issue of disability. The plaintiff has the burden of establishing disability and on the whole record we cannot say that she did so. The finding of the Secretary that plaintiff is not disabled is supported by substantial evidence.
 
 
 8
 Accordingly the judgment of the district court is affirmed.